defendant had notice of such assignment, and so having notice, the defendant promised to pay the plaintiff the amount thereof, then the plaintiff is entitled to recover; and that the promise alone, without an assignment or transfer and notice thereof, is not sufficient to entitle the plaintiff to recover. The defendant excepted.

2. The plaintiff gave in evidence to the jury, that the defendant owed the money mentioned in the account to *Zaccheus Onion*, who assigned the debt to the plaintiff—that afterwards the defendant assumed to pay the same to the plaintiff.

*An assignment of a claim on open account, where there had been an assumpsit to the assignee, need not be in writing, &c.*

Whereupon, the defendant prayed the court for their opinion and direction to the jury, that it was necessary for the plaintiff, to support his action thereon, that the assignment should have been in writing, and that it should be produced in court.

**Duvall, J.** The court are of opinion, that it is not necessary for the plaintiff, to support his action thereon, that the assignment should have been in writing, or that it should be produced in court. The defendant excepted. The verdict was for the *defendant*.

*Key* and *Johnson*, for the plaintiff.

*Martin*, (Attorney General,) *Brice* and *Kell*, for the defendant.

## GENERAL COURT, MAY TERM, 1801.

### Howard's Lessee *vs.* Cromwell

**Ejectment** for three tracts of land lying in Baltimore county, viz. *Howard's Inheritance Resurveyed*, *Water Oak Ridge*, and *Rosland*. The defendant took defence upon a warrant, and plots were returned. At this term the defendant gave "notice of a motion

*Leave given to a defendant in ejectment to narrow his defence taken on the plots on payment of costs.*

*The court refused to direct the jury, that the title of A to vacant*

land, (not contiguous to the original tract,) included in a survey under an elder warrant and a junior grant, should have priority to the title of B to the same vacancy included in a survey under junior common warrant and an elder grant; but held, that the special warrant under which A claimed, acquired an equitable interest in the vacant land contiguous thereto, from the date of the warrant, and that his grant would relate to the date of the certificate of survey as to such adjoining vacancy, but not to give title to any land separated by an elder survey, and included in the grant under which B claimed.

The jury are to determine and ascertain from evidence, the true position and location of the lands in controversy.

The jury are to decide on the propriety and justice of allowing or not allowing the variation of the compass, and the rate or rule of such variation according to the evidence in the case.

MAY 1801.

Howard
vs.
Cromwell.

for leave to ascertain and narrow his pretensions and defence on the payment of such costs, as shall be ordered and adjudged to be paid by the defendant to the plaintiff." The leave was granted on the payment of all costs to this time, (20th of May 1801,) except the attorney's fee, and sheriff's fee for serving a copy of the declaration in ejectment. The defendant took defence for the tract of land called *Wester Ogle*, as located on the plots in red dotted lines; for the tract of land called *Addition to Simpkins' Repose*, located in green lines; and for the tract of land called *Ising Glass Glade Enlarged*, in blue lines.

It was agreed between the parties that this case did not depend upon the location of the first seven lines of *Wester Ogle*, but that the true location thereof lays that land clear of the lines of the land called *Mount Organ*. It was also agreed, that the defendant claimed no part of the land called *Howard's Inheritance Resurveyed*, as located on the plots, as included within the lines of *Wester Ogle*.

*Relation of a grant to the certificate of resurvey as to vacant land adjoining to the original tract resurveyed, but not where the vacant land is separated from the original tract by an elder survey and is included in another grant*

1. The plaintiff at the trial offered in evidence to the jury, a *common warrant* issued to *Thomas Wells*, on the 4th of August 1752, for 60 acres of land, he having paid 3*l.* sterling caution for the same; also an assignment of the said warrant to *Cornelius Howard*, on the 22d of January 1753; also a certificate of survey made in virtue of the said warrant on the 30th of January 1753, for 38 acres of land, and called *Water Oak Ridge*; also a patent granted on the said certificate on the 6th of March 1753, to *Cornelius Howard*, father of the lessor of the plaintiff; and the plaintiff also offered in evidence to the jury, that the composition money for the land included in the certificate and patent aforesaid, was paid on the day of issuing the said warrant, and that the said certificate was examined and passed on the said 6th of March 1753.

The defendant then offered in evidence to the jury, a *special warrant of resurvey* issued on the 28th of November 1751, to *John Medcalf*, to resurvey two tracts or parcels of land lying and being in Balti-

more county, and contiguous to each other, viz. *Rich Level* and *Medcalf's Addition,* and to add contiguous vacancy, &c. That the said warrant was renewed on the 13th of May 1752, for six months, and again on the 18th of November 1752, for six months longer, and was executed on the 20th of January 1753, and a certificate of survey returned to the land office for 720 acres of land, and called *Wester Ogle.*

[The certificate states *Rich Level* to contain 100 acres, and *Medcalf's Addition* to contain 102¾ acres, 46 acres part whereof lay within the bounds of a tract called *Mount Organ,* and 14¾ acres within *Spring Garden,* and that 578 acres of vacant land were added.]

That the said certificate was caveated by the said *Cornelius Howard* on the 21st of April 1753; that the said caveat was overruled on the 17th of August 1753, and patent ordered to issue on the said certificate. That the said certificate was assigned by the said *John Medcalf* to Doctor *William Lyon* on the 6th of August 1753. That the said certificate was examined and passed on the 17th of August 1753, the composition money paid on the 28th of September 1753, and patent issued thereon to the said *William Lyon* on the 8th of February 1754.

The plaintiff then offered in evidence to the jury, that the certificate of survey and patent of *Wester Ogle* aforesaid, comprehended within its lines and boundaries, vacant land not contiguous to *Rich Level,* or *Medcalf's Addition* aforesaid, but which, though vacant, was separated from the said tracts, by tracts of land granted antecedent to the issuing the warrant of resurvey aforesaid to the said *John Medcalf,* and that the lines in the said certificate and patent of *Wester Ogle,* crossed the said elder surveys, to include the vacancy included in the patent of *Water Oak Ridge* aforesaid.

Whereupon the defendant prayed the opinion of the court, and their direction to the jury, that the title of the defendant to the land called *Wester Ogle,* and all land vacant at the time of the execution of the

MAY 1801.

Howard
v
Cromwell.

warrant of resurvey aforesaid, and included within the lines and boundaries thereof, commenced from the 20th of January 1753, so as to have a priority of title to the same vacancy which was included in the patent of *Water Oak Ridge.*

CHASE, Ch. J. (a). The court refuse to give the opinion and direction to the jury, as prayed by the defendant: But the court are of opinion, and so direct the jury, that *John Medcalf,* by his special warrant of resurvey on the lands therein mentioned, acquired an equitable interest in the vacant lands contiguous thereto, from the date of the said warrant; and that the patent which issued to Doctor *William Lyon,* to whom the said *John Medcalf* had assigned his certificate of survey on the said warrant, will relate to the date of the said certificate as to such adjoining or contiguous vacancy, and not to give title to any vacant land separated by an elder survey, and included in the patent of *Water Oak Ridge.* The defendant excepted. See 4 *Harr. & M'Hen.* 325.

The jury are to determine the true location of the lands in dispute, and on the propriety of allowing the variation of the needle and the rate of such variation

2. The defendant prayed the opinion of the court, and their direction to the jury, that if they the jury are of opinion, that the two tracts of land located on the plots returned in this cause, called *Murray's Meadows,* (surveyed the 27th of February 1726,) and *The Addition to Shiloh Completed,* (surveyed the 25th of April 1752,) located course and distance only, on the 20th of January 1753, agreeably to the certificates thereof, lay clear of each other, that then it was lawful for the surveyor to go between the said tracts in order to include any adjoining vacant land, beyond them, in the certificate of resurvey for *Wester Ogle.*

CHASE, Ch. J. The court are of opinion, that it is the province of the jury to determine and ascertain from the evidence adduced to them in this action, the true position and location of the said lands, and whether there was any vacancy intervening the said tracts; and that it is with the jury to decide on the propriety

(a) *Duvall* and *Done,* J. concurring.

and justice of allowing, or not allowing the variation of the compass, and the rate or rule of such allowance, according to the evidence in the case. The defendant excepted. Verdict and judgment for all that part of *Water Oak Ridge* by him located and not included in the defendant's location of *Addition to Simpkins's Repose.*

The defendant appealed to the court of appeals, and the case was argued in that court at November term, 1803, by

*Mason,* for the appellant, and by

*Martin,* (Attorney General) and *Key,* for the appellee.

The Court of Appeals *affirmed* the judgment of the General Court, concurring with that court in the opinions expressed in both bills of exceptions.

MAY 1801

Howard<br>vs.<br>Cromwell.

## GENERAL COURT, MAY TERM, 1801.

### HALL's Lessee *vs.* GOUGH.

EJECTMENT for a tract of land called *Reprisal,* lying in Baltimore county. Defence on warrant, and plots returned.

1. The plaintiff at the trial, to make title to the land in the declaration mentioned, offered in evidence to the jury a patent for the said land, granted to the lessor of the plaintiff, on the 17th of November 1798, in virtue of a certificate of survey returned under a warrant of proclamation.

The defendant then produced and read in evidence to the jury, the certificate of a tract of land called *Thompson's Choice,* surveyed for *James Thompson* on the 12th of March 1679, which is the same land mentioned in the said patent to the lessor of the plaintiff; and in order to prove that the whole of the said land called *Thompson's Choice,* was conveyed by *James Thompson,* for whom the said certificate was made,

Deeds for different parts of a whole tract of land located on the plots, may be read in evidence, though such deeds are not themselves severally located. The jury may presume a grant regularly issued where there had been a certificate of survey returned, and sundry conveyances and possession by persons claiming thereunder. The register of the land office examined as a witness as to the loss of records of his office, and as to certain practices which prevailed therein previous to the revolution.